

# The Attorney General
## of Texas

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 6, 1965

Honorable John R. Gillham        Opinion No. C- 562
District Attorney
100th Judicial District          Re:  In an examining trial as
Clarendon, Texas                 provided for in the Code of
                                 Criminal Procedure, whether it
                                 is necessary to have a court
                                 reporter present, or can the
                                 magistrate appoint any one who
                                 is capable to take down the
                                 statements and other materials
Dear Mr. Gillham:                that must appear in the record.

     In a recent opinion request of this office you ask whether or not after January 1, 1966, it will be necessary to have a court reporter present at an examining trial.

     Article 16.09 of the new Code of Criminal Procedure, which becomes effective January 1, 1966, states as follows:

> "The testimony of each witness shall be reduced to writing by or under the direction of the magistrate, and shall then be read over to the witness, or he may read it over himself.  Such corrections shall be made in the same as the witness may direct; and he shall then sign the same by affixing thereto his name or mark.  All the testimony thus taken shall be certified to by the magistrate.  In lieu of the above provision,  a statement of facts authenticated by State and defense counsel and approved by the presiding magistrate may be used to preserve the testimony of witnesses."

     Article 16.09 makes it mandatory that the testimony of each witness at an examining trial be reduced to writing. The first sentence of said article provides that the testimony of each witness be reduced to writing by or under the direction of the magistrate.  This would seem to indicate that it does not matter by whom the testiony is reduced to writing, so long as it is done either by the magistrate or someone under his direction.  It is, therefore, our opinion that it is not necessary to have a court reporter, as that term

is commonly used, present at an examining trial. It will be sufficient, however, that anyone capable of reducing to writing any testimony be appointed by the magistrate for this purpose.

It is noted that the alternate procedure outlined in 16.09 provides the alternative only as to the approval of the Statement of Facts, and in no way makes it other than mandatory that a Statement of Facts be made of each examining trial.

It is our opinion, therefore, that as of January 1, 1966, it will be mandatory that a Statement of Facts be made of each examining trial, and that such Statement of Facts may be prepared by the magistrate or anyone whom he appoints for such purpose.

## SUMMARY

Article 16.09 makes mandatory, after January 1, 1966, the preparation of a record of each examining trial. Said record may be prepared by the magistrate or by anyone whom he appoints for such purpose.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Sam L. Kelley
Sam L. Kelley
Assistant

SLK/lh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Douglas Chilton
Robert Owen
Larry Craddock
Gordon Houser

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright